JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 23-10239 PA (JDEx) | Date | December 12, 2023 |
|---|---|---|---|
| Title | Byung Duck Cho v. Yoon Chung Yoo Shin, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Lynnie Fahey | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendants Yoon Chung Yoo Shin and Geo Park (collectively, "Defendants")[1/] on December 6, 2023. Plaintiff Byung Duck Cho ("Plaintiff") filed his Complaint in the Los Angeles County Superior Court on September 15, 2021, alleging a single state-law claim for unlawful detainer. (Docket No. 1, Ex. A.) Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction. (Id. ¶ 5.) See 28 U.S.C. § 1331. Additionally, by referencing a bankruptcy proceeding, Defendants appear to assert jurisdiction for claims related to bankruptcy cases. See 28 U.S.C. § 1452(a).

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus,

---

[1/]   Although Park is described in the Notice of Removal as a "defendant," Park is not named as a defendant in the Complaint and is not listed as a defendant in the caption of the Notice of Removal. (See Docket No. 1; id., Ex. A.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 23-10239 PA (JDEx) | Date | December 12, 2023 |
|---|---|---|---|
| Title | Byung Duck Cho v. Yoon Chung Yoo Shin, et al. | | |

plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains a single claim for unlawful detainer. No federal claim is alleged. To the extent Defendants attempt to allege a federal defense or counterclaim, neither forms a basis for removal. See Caterpillar, 482 U.S. at 392; see also Vaden v. Discover Bank, 556 U.S. 49, 59–62, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) ("Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908))). Accordingly, Defendants have failed to show that federal question jurisdiction exists.

28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. Section 1334(b) invests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] of by the Supreme Court." Id. Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . . At bottom, the question is committed to the sound discretion of the . . . judge." In re McCarthy, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 23-10239 PA (JDEx) | Date | December 12, 2023 |
|---|---|---|---|
| Title | Byung Duck Cho v. Yoon Chung Yoo Shin, et al. | | |

    predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

TIG Ins. Co. v. Smolker, 264 B.R. 661, 665–66 (Bankr. C.D. Cal. 2001); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").

    Here, there is nothing from the face of Plaintiff's unlawful detainer Complaint to confer bankruptcy removal jurisdiction under 28 U.S.C. § 1452(a), and thus removal on this ground was improper. Although the Notice of Removal references a bankruptcy case involving Park (Docket No. 1, Ex. C), Park does not appear to be named as a defendant in the unlawful detainer Complaint. And even if Park were a party in the unlawful detainer action, the action is entirely a creature of state law over which the state courts are competent to preside in the interests of judicial economy, comity, and respect for state law decision-making. The Court therefore concludes that equitable grounds support remand.

    Defendants have failed to establish that this action was properly removed pursuant to 28 U.S.C. §§ 1331 and 1452(a), or that there is any other valid basis for this Court's exercise of jurisdiction over this matter. Moreover, the Court concludes that equitable grounds support remand of this action under § 1452(b). For all of the foregoing reasons, this action is hereby remanded to the Los Angeles County Superior Court, Stanley Mosk Courthouse, Case No. 21STUD02303. See 28 U.S.C. §§ 1447(c) & 1452(b).

    IT IS SO ORDERED.